## CAFFARELLI BROS. v. PRICE–DAVIS DRUG CO. et al. (No. 8247.)

Court of Civil Appeals of Texas. San Antonio. June 26, 1929.

Rehearing Denied July 24, 1929.

H. L. Yates and E. T. Yates, both of Brownsville, for appellants.

Davenport, West & Ransome, of Brownsville, for appellees.

FLY, C. J. This suit was instituted by Caffarelli Bros., a partnership, against Price-Dávis Drug Company, a private corporation, the Citizens' State Bank of Donna, and the First National Bank of Weslaco, to collect a debt and enforce a lien on certain personal property, executed to them by the Price-Davis Drug Company, to secure the payment of fifteen promissory notes in the sum of $300 each, the first due on July 1, 1924, and the remaining fourteen notes due, respectively, on the 1st day of each succeeding month up to and including September 1, 1925. The two banks were alleged to be asserting liens on the property. The First National Bank of Weslaco disclaimed any interest in the suit. Special issues were submitted to a jury, and, on their answers thereto, a judgment was rendered that appellants take nothing by their suit and the notes and chattel mortgage were canceled, and that the Citizens' Bank of Donna recover of the Price-Davis Drug Company the sum of $8,000 and that two certain chattel mortgages given by the drug company to secure the debt be foreclosed. All costs were taxed against F. P. Caffarelli and R. C. Caffarelli. This appeal was perfected by Caffarelli Bros.

The gist of the answer of the Citizens' State Bank of Donna was a plea of payment to appellants of the debt evidenced by the notes sued upon by appellants in the settlement made by the parties in which appellants agreed to execute the necessary papers indicating that the indebtedness had been paid. The bank showed, by its pleadings, full compliance with the agreement, and its pleadings present a case showing full payment of the notes in spite of the fact that appellants failed and refused to execute the papers which they had agreed to execute.

Assignments of error Nos. 1 to 22, inclusive, and all propositions thereunder claiming error in overruling the various special exceptions are overruled. The answer presented sufficient facts upon which to base a judgment in their favor. The allegations of appellee bank were merely defensive and not open to a plea of limitation.

The propositions are general and abstract, and this court has found it difficult to follow them, but, by a careful study of the pleadings and the special exceptions thereto, have arrived at the conclusion that the exceptions were properly overruled by the court. The facts show that the notes sued upon by Caffarelli Bros. have been fully discharged by appellees, and there is no basis for the suit.

The jury found that Caffarelli Bros. agreed on June 16, 1926, that they would assign to the First National Bank of Weslaco the chattel mortgage lien dated July 15, 1924, on the fixtures and personal property belonging to Price-Davis Drug Company in Donna, Tex. They also found that Caffarelli Bros., agreed to release the Price-Davis Drug Company from any further personal obligation on the fifteen notes sued upon and to look to W. E. Waite alone for their payment. The testimony sustains the answers of the jury and clearly showed that Price-Davis Drug Company were released by Caffarelli Bros. from all indebtedness to them. The agreement to cancel the notes and lien was not made with the Donna State Bank, but the burden was on appellants to establish their debt, and, when they agreed to release Price-Davis Drug Company from their indebtedness, it was shown they had no case, and it could be no concern to them whether the National Bank of Weslaco transferred its claims to the Donna State Bank. That was a matter between the two banks and the former disclaimed all interest in the matter. Spivey, the Price-Davis Drug Company and the National Bank of Weslaco are all satisfied, and appellants have no right or authority to attempt an interference between them and the Donna State Bank. The evidence showed that appellants had agreed to release their lien and extinguish their debt and should not be permitted to take any advantage of their failure to put the release and extinguishment in writing as they had agreed to do. There was a full and fair consideration for the releases to be given by Caffarelli Bros., and, on the strength of their promise, money was lent to them by both banks, and they sold a note for $1,100. The money to buy out Spivey, about $2,300, was put up by Fred Rives and the Citizens' State Bank of Donna. Caffarelli Bros. bound themselves to release the mort-

gage on the Donna fixtures and to take W. E. Waite for all the Weslaco debt. Caffarelli Bros. got all the consideration offered to and accepted by them and then refused to perform their part of the contract. They were paid the consideration for the notes sued on by them.

Fifty-eight assignments of error and eight propositions are copied into the brief of appellants, and through them there is no direct attack on the sufficiency of the evidence to support the verdict. The verdict and judgment are assailed indirectly through complaints of the action of the court in overruling numerous special exceptions and objections to issues submitted by the court. The eight propositions are pure abstractions, such as: "A party who is not a privy to a contract cannot maintain an action for its performance. Every contract must have a consideration to support it," etc.

Of all the parties to the agreement made in regard to the debts of Price-Davis Drug Company, appellants alone sought to evade their part of the agreement, although they acted on and received the benefits from the agreement. They recognized Waite as taking the place of the drug company, and borrowed money on the strength of the agreement.

The judgment will be affirmed.